**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Tunijia Nowden-Pizarro,

    Plaintiff,

  v.

Valley Hospital Medical Center,

    Defendant.

Case No. 2:25-cv-02511-CDS-DJA

**Order**

Pro se Plaintiff Tunijia Nowden-Pizarro has filed an application to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee).  (ECF No. 1).  However, Plaintiff's application is missing certain information.  The Court thus denies Plaintiff's application without prejudice.

**I. Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status."  *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).  An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life.  *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff's application is largely complete, but is missing certain information. Plaintiff has not completely responded to question 2, which asks her to list her employer's name and address. Additionally, Plaintiff has responded to question 7 by stating that she has three individuals who are dependent upon her for support. In answering how much she contributes to their support, Plaintiff has indicated that she provides 100% support for both of her children and 50% support for her aunt. However, in order for the Court to determine whether Plaintiff qualifies for *in forma pauperis* status, the Court requires Plaintiff to respond by providing the dollar amount that she contributes to each dependent's support, rather than the percentage. This is particularly true because, given the information on Plaintiff's application, it appears that her monthly income exceeds her monthly expenses in an amount that exceeds the filing fee.

The Court will give Plaintiff an opportunity to file a complete *in forma pauperis* application. Plaintiff may not leave any questions blank. The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application on the Court's form. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **May 25, 2026,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: April 23, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.